**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | **Criminal Action No. 2004-077-05** |
| ) | |
| Plaintiff/Respondent, ) | Ref: Civil Action No. 2009-140 |
| ) | |
| v. ) | |
| ) | |
| **HENRY CAMBEL ROGERS,** ) | |
| ) | |
| Defendant/Petitioner. ) | |
| ______________________________________) | |

**Copies to:**
Ruth Miller, Magistrate Judge
Kim L. Chisolm, AUSA
Henry Cambel Rogers, *Pro Se*

**MEMORANDUM OPINION**

**FINCH, Senior Judge.**

This matter comes before the Court on Petitioner Henry Cambel Rogers' ("Rogers") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The Government filed an opposition thereto, and Rogers replied to the opposition. For the reasons stated below, Rogers' § 2255 motion will be denied.

The Court need not hold an evidentiary hearing where the motion, files and records of the case conclusively show that petitioner is not entitled to relief. *See* Rules Governing Section 2255 Proceedings, Rule 8; *United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005) (citations omitted). "Vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000). The record conclusively demonstrates that an evidentiary hearing is not warranted and Rogers is not entitled to relief.

## I. FACTS AND PROCEDURAL HISTORY

Because this opinion is written for the parties who are familiar with the case, the Court need not recite the full factual or procedural background. The Fifth Superceding Indictment alleged that Rogers and others conspired to import controlled substances into the United States from St. Maarten and Anguilla using female couriers. The couriers transported the cocaine and heroin in large coolers filled with fish and ice. After a trial by jury, Rogers was found guilty on October 20, 2006 of conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) (Count One), conspiracy to import a controlled substance in violation of 21 U.S.C. §§ 952(a), 960 and 963 (Count Two), and possession of cocaine with intent to distribute (aiding and abetting) in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count Four). Rogers was sentenced in a Judgment entered on November 7, 2008 to 60 months incarceration and five years supervised release. No appeal followed.

## II. DISCUSSION

### A. Issues

In the instant § 2255 motion, Rogers alleges that his counsel provided constitutionally ineffective assistance by denying him his constitutional right to call upon witnesses who had knowledge of his innocence, and who had knowledge that he was never involved in any narcotics transactions. (Section 2255 Mot. at 5.) He also alleges that he wanted to testify at trial, but his

counsel neither discussed with him what his testimony would entail, nor prepared him to testify at trial.

The government argues that Rogers cannot now challenge the sufficiency of the evidence because he failed to raise the issue at trial or on appeal, and has not established cause for failing to raise it sooner and prejudice resulting from the error. (Resp. at 2-3.) The government further argues that the record does not support Rogers' claim that he had several witnesses who would have testified on his behalf had he been advised that the trial would take place on October 16, 2006. (*Id*. at 3.) Moreover, the government contends that the claims contained in the "self-serving affidavits" of Rogers' relatives would have been considered hearsay and not admitted at trial, or inconsistent with the evidence presented. (*Id.*) Rogers' claim that his attorney did not prepare him to testify at trial was a bald assertion that did not afford a sufficient ground for an evidentiary hearing. (*Id*. at 4.) Lastly, the government argues that the evidence, which Rogers did not challenge on appeal, was overwhelming. (*Id*. at 5.)

In reply, Rogers alleges that the drug amount attributed to him was never tested or presented at trial with a lab report; that the lab chemist or analyst who tested the drugs should have been a witness at petitioner's trial; that the jury was unable to find him guilty beyond a reasonable doubt without having the testimony of the chemist who determined the quality of the substance; and that without the chemist's testimony, the jury was "misled with violative procedures, [thus] findings of guilt or innocence cannot be based on certainty, accuracy and reliability. (Reply at 2-3.)

**B. Section 2255 Not Moot**

The jurisdiction of federal courts is limited to actual cases and controversies. U.S. CONST. Art. III § 2, cl. 1. Rogers served his sentence and was released from the Federal Bureau of Prisons on or about February 5, 2011. He was delivered on a detainer to the U.S. Department of Homeland Security Immigration and Naturalization Service. The Court of Appeals for the Third Circuit has held that where a petitioner can no longer show any "actual injury traceable to the District Court's decision that can be redressed by a favorable decision[,]" his motion is moot and we lack jurisdiction to consider it. *See generally Okereke v. United States*, 307 F.3d 117, 119, 121 (3d Cir. 2002) (holding that "because Okereke has not only served his prison term but has also been deported from the United States, all remaining issues regarding sentencing are moot"); *see also United States v. Murillo*, 385 Fed. Appx. 90 (3d Cir. 2010) (finding appeal moot where defendant had completed his term of active incarceration and had been deported). Rogers was delivered on a detainer to the U.S. Dept. of Homeland Security Immigration and Naturalization Service deported to Anguilla.

Because the issues raised in Rogers' § 2255 motion attack his underlying conviction and not simply his sentence, the Court finds, in light of the holding in *Okereke*, that the instant § 2255 motion is not moot. Thus, the Court will proceed to address the merits of the instant motion.

**C. Applicable Legal Standards**

Section 2255 does not afford a remedy for all errors that may be made at trial or sentencing. *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Collateral review under § 2255 is not a substitute for direct review, but it serves as a vehicle to cure jurisdictional errors, constitutional violations, proceedings that resulted in a "complete miscarriage of justice," or events that were "inconsistent with the rudimentary demands of fair procedure." *United States v. Timmreck*, 441 U.S.

780, 784 (1979); *see also United States v. Frady*, 456 U.S. 152, 165 (1982); *Addonizio*, 442 U.S. at 185; *United States v. Cepero*, 224 F.3d 256, 267 (3d Cir. 2000); *United States v. Essiq*, 10 F.3d 968, 976-77 n.25 (3d Cir. 1993).

To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate that: (1) his counsel's performance fell below an objective standard of reasonableness, and (2) there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *See Strickland*, 466 U.S. 668, 686 (1984). In applying *Strickland,* "the court is not engaging in a prophylactic exercise to guarantee each defendant a perfect trial with optimally proficient counsel, but rather to guarantee each defendant a fair trial, with constitutionally competent counsel." *Marshall v. Hendricks*, 307 F.3d 36, 90 (3d Cir.2002).

On the first *Strickland* prong, a petitioner must show that, considering the facts of the case, his counsel's challenged actions were unreasonable. *Strickland*, 466 U.S. at 690. The Court must, therefore, review Rogers' claims under the "strong presumption" that counsel's conduct falls within the "wide range of reasonable professional assistance." *Id*. at 688. That is, Rogers must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id. at* 688. Under the second prong, Rogers must show prejudice from his attorney's errors, that is, a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id. at* 694. A reasonable probability means a probability "sufficient to undermine confidence in the outcome." *Id.*

**D. Procedurally Barred Claims**

In Rogers' reply to the government's opposition, he argues that the drug amount attributed to him was never tested or presented at trial with a lab report; that the lab chemist or analyst who tested the drugs should have been a witness at trial; that the jury was unable to find him guilty beyond a reasonable doubt without having the testimony of the chemist who determined the quality of the substance; and that without the chemist's testimony, the jury was "misled with violative procedures, [thus] findings of guilt or innocence cannot be based on certainty, accuracy and reliability.

"Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" *Bousley v. United States*, 523 U.S. 614, 622 (1998) (citations omitted). "In procedural default cases, the cause standard requires the petitioner to show that 'some objective factor external to the defense impeded counsel's efforts[] to raise the claim." *Essiq*, 10 F.3d at 979 (quoting *McCleskey v. Zant*, 499 U.S. 467, 493 (1991)). While constitutionally ineffective assistance of counsel constitutes "cause," attorney error short of ineffective assistance of counsel does not constitute cause and will not excuse a procedural default. *McClesky*, 499 U.S. at 494. To establish "prejudice" one must show that the alleged error "so infected the entire trial that the resulting conviction violates due process." *Frady*, 456 U.S. at 169 (quoting *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977)).

In the instant matter, Rogers has not set forth any basis for his failure to raise these claims

in a direct appeal.[1] Moreover, Rogers has not alleged "actual innocence." As the *Bousley* Court made clear, "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623.

**E. Ineffective Assistance of Counsel**

**1. Witnesses who would have testified on Rogers' behalf at trial**

Rogers alleges that his trial counsel, Stephen Brusch, Esq. ("Brusch"), provided constitutionally ineffective assistance by denying him his constitutional right to call upon witnesses who had knowledge of his innocence, and who had knowledge that he was never involved in any narcotics transactions. In fact, Rogers argues that if he had known that his trial would take place on October 16, 2006, both his mother and his sister would have testified not only regarding Jassen J. Walters ("Walters"), identified as a co-conspirator in the indictment, but also Rogers' purpose for traveling to Anguilla in September 2003. He further alleges that he would have asked his cousin and uncle, both of whom reside in Anguilla, to testify as to his trip to Anguilla and the purpose of that trip, which was to build and operate a clothing store. His cousin would have been able to testify about the blueprints that were drawn up for the store as a result of that trip. His uncle would have testified about the construction to take place. His father would have testified as to the land to be used for the store in Anguilla and the financing. The government counters that even if those witnesses had been allowed to testify, Rogers has not established that but for counsel's unprofessional errors, the result of the proceedings would have been different.

---

[1] Moreover, the Court notes that even if it were to consider Rogers' defaulted claims, those claims are lacking in merit.

It is well established that a petitioner bears the burden of proof in demonstrating ineffective assistance of counsel. *See United States v. Baynes*, 622 F.2d 66, 69 (3d Cir. 1980). Vague and conclusory allegations contained in a § 2255 motion may be disposed of without further investigation by the District Court. *See Thomas*, 221 F.3d at 437. While the Court must generally accept petitioner's factual allegations as true, bald assertions and conclusory allegations do not afford a sufficient ground for an evidentiary hearing. *Mayberry v. Petsock*, 821 F.2d 179, 185 (3d Cir. 1987), and claims that are devoid of factual support are insufficient to obtain relief under Section 2255, *Zettlemoyer v. Fulcomer*, 923 F.2d 284, 301 (3d Cir. 1991). Moreover, the determination whether to call a witness lies soundly with trial counsel, not the defendant. *Gov't of the Virgin Islands v. Weatherwax*, 77 F.3d 1425, 1434 (3d Cir.), *cert denied*, 519 U.S. 1020 (1996).

"[A]libi testimony by a defendant's family members is of significantly less exculpatory value than the testimony of an objective witness." *Hess v. Mazurkiewicz*, 135 F.3d 905, 909 (3d Cir. 1998) (quoting *Romero v. Tansy*, 46 F.3d 1024 (10th Cir. 1995)). Having reviewed this matter, this Court cannot find under the first *Strickland* prong that counsel acted in a professionally unreasonable manner in not calling these witnesses. There has been no showing, and the Court is not convinced that even if these witnesses had been called to testify regarding Rogers' efforts to build a store in Anguilla, that the outcome of the trial would have been different. Rogers argues that the evidence against him was "thin"; that the "a review of the totality of the evidence reflects how very little involved Rogers"; that of the thirty-five witnesses called by the government, only four made reference to Rogers; and that of the four witnesses who mentioned Rogers' involvement, only one witness, Walters, testified "concern[ing] a single act of assisting with packaging." (Rogers' § 2255

Mot. at 14-18 (italicized and underlined emphasis removed.) Contrary to Rogers' assertion that the evidence against him was "thin," the Court finds that the evidence at trial supports the jury's finding of guilt beyond a reasonable doubt. (*See id.* at 15-17.) Thus, like *Hess*, this Court will not find counsel ineffective for adopting a litigation strategy based upon this reasonable professional judgment. *See id.* at 909 (citing *Strickland*, 466 U.S. at 691). Therefore, even if the Court were to assume, for the sake of argument, that prevailing professional norms required Brusch to call these witnesses, Rogers has not demonstrated that he suffered prejudice by this potential misstep. *See Hess*, 135 F.3d at 909.

**2. Whether counsel was ineffective in not allowing Rogers to testify at trial.**

Rogers states that he did not meet personally with Brusch to discuss his case prior to trial. Instead, Rogers' and Brusch's communications were with Rogers' retained Florida attorney, Stuart R. Mishkin ("Mishkin"), who had been granted leave to appear *pro hac vice* in this Court.[2] Rogers alleges that he wanted to testify, but he was "afraid to because it was clear" to him from the trial proceedings "that Attorney Brusch had only a limited understanding of his defense and the case in general." (Affidavit of Henry Rogers at 4.) Rogers further contends that Brusch never discussed with him what his testimony would entail, and did not prepare him to give testimony at trial. (*Id.*) Rogers alleges that had he taken the stand in his own defense, he would have testified about why he was in Anguilla and about Walters and the catering business he claimed to operate. (*Id*. at 4.)

It is well established that a defendant has the right to testify on his own behalf. *Rock v.*

---

[2] Brusch was relieved as counsel on June 20, 2007. On a January 28, 2008 *pro se* motion filed by Rogers, the Court relieved Mishkin as counsel and appointed Alan G. Teague, Esq. Teague represented Rogers at sentencing.

*Arkansas*, 483 U.S. 44, 53 n.10 (1987); *United States v. Batista*, 483 F.3d 193, 197 (3d Cir. 2007) (citing *United States v. Dunnigan,* 507 U.S. 87, 96 (1993)). Relying on the holding in *Palmer v. Hendricks*, 592 F.3d 386, 395 (3d Cir. 2010), the government argues, that "Rogers' stated desire to tell his side of the story [is] not sufficient to show 'that the decision reached would reasonably likely have been different absent the errors.'" (Response at 5.) A petitioner must show not only that his lawyer refused to allow him to testify, but also that he was prejudiced by that error.

Noteworthy here is the fact that Rogers does not expressly state that he told Brusch he wanted to testify at trial, or that Brusch denied him the right to testify. What this Court has before it are bald assertions and conclusory allegations that Rogers wanted to testify, but Brusch neither discussed what the testimony would entail, nor prepared him to testify. As the *Palmer* Court states:

> We have repeatedly emphasized that "bald assertions and conclusory allegations do not afford a sufficient ground for an evidentiary hearing" on a habeas petition. . . . By stating merely that he would have "taken the stand to testify on [his] own behalf to explain [his] side of what really happened,". . . . failed to present "factual allegations, which, if true, would entitle the applicant to federal habeas relief" under *Strickland*'s prejudice prong.

*Palmer*, 592 F.3d at 395 (internal citations omitted). Thus, the Court does not find that Rogers has put forth sufficient grounds for an evidentiary hearing. In evaluating the first *Strickland* prong, the Court does not find that counsel acted in a professionally unreasonable manner on this issue, and having failed on the first prong, the Court need not proceed to an analysis of the prejudice prong.

## III. CONCLUSION

For the reasons stated, the Court will deny Rogers' motion pursuant to 28 U.S.C. § 2255. A certificate of appealability is appropriate only if the petitioner "has made a substantial showing

of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). There being no "substantial showing" that Rogers' constitutional rights were violated, a certificate of appealability will not be issued. *See United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3rd Cir. Local Appellate Rule 22.2 (2011).

**DATED** this 30 day of March 2012.

**ENTER:**

/s/ Raymond L. Finch

**RAYMOND L. FINCH**
**SENIOR DISTRICT JUDGE**